IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**

       **Plaintiff/Respondent,**

vs.                                                                                    CV No. 10-572 JC/DJS
                                                                                                CR No. 09-1276 JC

**DAVID VELASQUEZ-ESPINOSA,**

       **Defendant/Movant.**

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Defendant/Movant David Velasquez-Espinosa's (Velasquez-Espinosa) Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255. [CV 10-0572, Doc. No. 1.][2] Velasquez-Espinosa attacks the sentence entered by the United States District Court for the District of New Mexico in *United States v. Velasquez-Espinosa*, No. 09-1276 JC. As Velasquez-Espinosa is proceeding pro se, the Court liberally construes his pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). Velasquez-Espinosa contends he is entitled to a reduced sentence for the following reasons: (1)

---

[1] Within fourteen (14) days after a party is served a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the United States District Court within the fourteen-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

[2] Further references herein to documents CV 10-0572 JC/DJS, the civil action under §2255, will be in the format, "CV Doc. __." References to documents filed in *United States v. Velasquez-Espinosa*, CR 09-1276 JC will be referred to as "CR Doc. __."

his counsel provided ineffective assistance when he failed to argue that the consequences of his status as a deportable alien justified a lesser sentence; and (2) he is entitled to a downward departure based on a "new amendment" to the sentencing guidelines authorizing a departure based on a defendant's cultural assimilation to the United States. [CV Doc. 2, pp. 4-6.]

On July 12, 2010, the United States filed its response to Velasquez-Espinosa's motion and requested that his motion be dismissed without an evidentiary hearing. [CV Doc. 7, p. 12.] On August 9, 2010, Velasquez-Espinosa filed "Objections" to the United States's response**.** [CV Doc. 9.]  The Court construes this pleading as a reply.

## I.  Background

On November 2, 2008, Velasquez-Espinosa was arrested for drunken driving and was detained at the Bernalillo County Metropolitan Detention Center in Albuquerque, New Mexico. An Immigration and Customs Enforcement (ICE) agent later questioned Velasquez-Espinosa regarding his citizenship.  Velasquez-Espinosa admitted to being a citizen of Mexico and to being illegally present in the United States.  ICE placed a detainer on Velasquez-Espinosa.  After serving his sentence for Aggravated Driving While Intoxicated, Velasquez-Espinosa was transferred to the custody of ICE.

Subsequently, Velasquez-Espinosa was charged with violation of 8 U.S.C. §1326(a) and (b), re-entry of a removed alien. [CR Doc. 16.]  Without benefit of a formal plea agreement, Velasquez-Espinosa pled guilty to the information.  A probation officer prepared a presentence report, calculating Velasquez-Espinosa's adjusted offense level as 21 and his criminal history category as IV.  This resulted in a guideline imprisonment of 57-71 months.

On September 25, 2009, counsel for Velasquez-Espinosa filed a sentencing memorandum requesting a downward departure and a downward variance from the guidelines imprisonment

range of 57-71 months to a sentence of 20 months or less. [CR Doc. 25, pp. 2, 11.]  Counsel argued that a criminal history category of IV significantly over represented Velasquez-Espinosa's prior criminal conduct.  [*Id.*, pp. 3-4.]  Specifically, counsel argued that the age of Velasquez-Espinosa's prior convictions and the facts underlying them warranted a reduction from criminal history category IV to criminal history category III.  [*Id.*, pp. 1-3.]  Counsel further claimed that the following factors justified a downward variance pursuant to 18 U.S.C. §3553(a): (1) the 16-level enhancement applied to Velasquez-Espinosa's prior alien smuggling conviction was overly punitive given the underlying facts; (2) a variance was warranted because Velasquez-Espinosa's motivation for illegally re-entering was honorable; (3) a variance was warranted because Velasquez-Espinosa lived and worked in the Untied States for many years, his family resided in the United States, and his family relied on him for support; and (4) Velasquez-Espinosa would be deported as a result of his conviction.  [*Id.*, pp. 6-9.]

On October 1, 2009, the United States filed a response opposing Velasquez-Espinosa's request for a downward departure or variance.  [CR Doc. 27.]  On October 13, 2009, Velasquez-Espinosa filed a reply in support of his sentencing memorandum.  [CR Doc. 28.]

On November 4, 2009, the district court held a sentencing hearing.  [CR Doc. 29.]  The district court accepted Velasquez-Espinosa's guilty plea and found the PSR correctly calculated the offense level as 21 and the criminal history category as IV, which established a Guidelines imprisonment range of 57-71 months.  [CV Doc. 7: Ex. 1.]  The district court imposed a sentence of 57 months imprisonment and a two year term of unsupervised release.  [*Id.*]  The district court recommended ICE begin removal proceedings during Velasquez-Espinosa's service of his sentence.  On November 4, 2009, judgment was entered.  [CR Doc. 29.]

On November 8, 2009, Velasquez-Espinosa timely filed a notice of appeal.  [CR Doc.

3

32.]  Velasquez-Espinosa argued that the district court erred in denying him a downward variance pursuant to the sentencing factors set forth in 18 U.S.C. §3553(a), and pursuant to *United States v. Booker*, 543 U.S. 200 (2005).  The Court of Appeals for the Tenth Circuit rejected Velasquez-Espinosa's claim of substantive unreasonableness because his sentence was within the advisory guideline range.  Accordingly, the Court of Appeals affirmed the judgment and sentence.

## II.  Discussion

Under § 2255 Velasquez-Espinosa may move the court that imposed the sentence to vacate, set aside, or correct the sentence if "the court was without jurisdiction to impose such a sentence," or the "sentence was imposed in violation of the constitution or laws of the United States" or in excess of the "maximum authorized by law" or  "the sentence is otherwise subject to collateral attack."  28 U.S.C. §2255(a).  "Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal."  *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994).  "[F]ailure to present an issue on direct appeal bars" Velasquez-Espinosa "from raising that issue in his §2255 motion, unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed."  *Id.* However, this bar does not apply to ineffective assistance of counsel claims.  *United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002).  Moreover, Velasquez-Espinosa may not bring a claim under §2255 that was considered and disposed of on direct appeal.  *Warner*, 23 F.3d at 291.

### A.  Ineffective Assistance of Counsel

To succeed on a claim of ineffective assistance of counsel, Velasquez-Espinosa must

show two things: (1) that his "counsel's representation fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The court "may address the performance and prejudice components in any order, but need not address both if [Defendant] fails to make a sufficient showing of one." *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998).

To satisfy the first prong under *Strickland*, Velasquez-Espinosa must identify "the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. In addition, the Court also examines whether, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* To prove deficient performance under *Strickland*, Velasquez-Espinosa must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id.* at 689.

Velasquez-Espinosa alleges he was denied effective assistance of counsel when his counsel failed to argue for a departure or variance based on the collateral consequence of his status as a deportable alien. [CV Doc. 2, pp. 1-3.] Velasquez-Espinosa contends his counsel should have argued that the fact that he will face more severe restrictions in prison than non-aliens and the fact that he will be deported following his sentence warranted a variance or departure. Specifically, Velasquez-Espinosa states,

> Counsel of record failed to argue for additional mitigating circumstances based on the following:
>
> (1)   The fact that an alien is not eligible to be imprisoned in a lower security facility or to participate in certain prison programs.
>
> (2)   The fact than an alien will face deportation upon release from prison.

>   (3)   The fact that an alien, upon release from prison will be civilly detained until deportation.

[CV Doc. 2, p. 2.]  Velasquez-Espinosa further argues that counsel's deficient performance denied him a downward departure and thus prejudiced him "because he would have received less jail."  [ *Id.* ]

In *United States v. Tamayo*, 162 F.App'x 813 (10th Cir. 2006), the plaintiff made the same arguments.  As to Tamayo's claim for a reduction in his sentence due to his deportable alien status, the Court of Appeals for the Tenth Circuit held that under §2255 Tamayo's request for a downward departure based on the collateral consequences of his status had been foreclosed by *United States v. Mendoza-Lopez*, 7 F.3d 1483, 1487 (10th Cir. 1993), *impliedly overruled on other grounds by United States v. Fagan*, 162 F.3d 1280 (10th Cir. 1998).  Accordingly, Velasquez's claim of ineffective assistance of counsel on this basis fails.  *See Sperry v. McKune*, 445 F.3d 1268, 1275 (10th Cir. 2006)(explaining that failure to raise a meritless claim is not ineffective assistance of counsel).

## B.  Departure Based on New Amendment

Velasquez-Espinosa's second claim fares no better.  Velasquez-Espinosa requests a downward departure "based on cultural assimilation."[CV Doc. 2, p. 3.]  Velasquez-Espinosa's appears to rely on a "new amendment" to the sentencing guidelines.  However, a request for a downward departure based on a "new amendment" to the sentencing guidelines is not a basis for relief pursuant to §2255.  And, as the United States points out, the "new" amendment which recognizes a departure based on cultural assimilation was not in effect at the time of Velasquez-Espinosa's sentencing and was to go into effect, if at all, in November 2010.  Nonetheless, cultural assimilation is a factor the district court may consider in deciding whether to depart

from the advisory Guidelines range, it is one of many in such a fact-intensive inquiry. *See* U.S.S.G. § 2L1.2 cmt. n.8.  Moreover, counsel for Velasquez-Espinosa argued that Velasquez-Espinosa's cultural and familial ties to the United States warranted a variance both at his sentencing and on appeal. [CR Doc. 25, pp. 7-8.]  Therefore, for the foregoing reasons, this claim cannot be reconsidered in this §2255 proceeding.

### C.  Evidentiary Hearing

When a federal prisoner files a petition for post-conviction relief, the district court must hold an evidentiary hearing on the prisoner's claims "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. §2255.  Moreover, a hearing is not required when issues raised by a defendant can be resolved on the basis of evidence on the record.  *See United States v. Hardridge*, 285 F.App'x 511, 517 (10th Cir. 2008).  Because the record conclusively shows that Velasquez-Espinosa is not entitled to relief, a hearing is not warranted.

### Recommend Disposition

After reviewing the record and the parties' arguments, the Court recommends that the Motion to Vacate, Set Aside, or Correct Sentence be **DENIED** and the case be dismissed with prejudice.

**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**